IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANCESCA TUONI,

    Plaintiff,

v.                                           Civ. No. 16-1291 GBW/KBM

METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY,

    Defendant.

## ORDER DENYING MOTION TO DISMISS

This matter comes before the Court on Defendant's Motion to Dismiss. *Doc. 4*. For the reasons discussed below, the Court denies Defendant's motion.

### I. BACKGROUND

On September 13, 2005, Plaintiff was involved in an automobile collision which she alleges caused her serious injuries. *Doc 1-2* at 3. Plaintiff had purchased an insurance policy from Defendant, which Plaintiff alleges included $100,000.00 of uninsured/underinsured motorist coverage (UIM). *Id.* at 4. After the accident, Plaintiff obtained a policy limits settlement of $25,000 from the insurance company of another driver involved in the collision, and Defendant consented to this settlement. *Id.* at 3. Plaintiff contends that the $25,000 settlement was insufficient to cover all of her damages, and she therefore filed a claim against Defendant for UIM benefits. *Id.* After extensive correspondence spanning many years, Defendant has not paid Plaintiff's

claim, and the parties dispute the point at which Defendant's communications to Plaintiff constituted a denial of her claim. *Id.* at 5-7; *doc. 4* at 1-2; *doc. 12* at 1. On October 13, 2016, Plaintiff filed suit against Defendant in the Second Judicial District Court for Declaratory Judgment, Breach of Contract, and Bad Faith. *Doc. 1-2* at 2. Defendant removed the action to this Court on November 23, 2016. *Doc. 1*. On December 1, 2016, Defendant filed the present Motion to Dismiss, alleging that Plaintiff's claims are barred by the statute of limitations under New Mexico law. *Doc. 4*.

**II.    STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which the court can grant relief. When ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations in the complaint and must view them in the light most favorable to the nonmoving party. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Id*.

To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

2

unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations, a complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal alterations, citations, and quotations omitted); *see also Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010). The court is not required to accept conclusions of law or the asserted application of law to the alleged facts. *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994).

Where "the complaint shows on its face that the action has not been instituted within the statutory period," the issue may be resolved by a motion to dismiss. *Rohner v. Union Pac. R.R. Co.*, 225 F.2d 272, 274 (10th Cir. 1955). Thus, the Tenth Circuit has instructed that "although a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Radloff-Francis v. Wyo. Med. Ctr., Inc.*, 524 F. App'x 411, 412-13 (10th Cir. 2013) (unpublished) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)). "When a party has

3

asserted a statute of limitations issue in a rule 12(b)(6) motion, a court accepts all well-pled factual allegations in the complaint as true and views them in the light most favorable to the plaintiff to determine whether the statute of limitations has run." *Anderson Living Trust v. WPX Energy Prod., LLC*, 27 F. Supp. 3d 1188, 1213 (D.N.M. 2014).

### III. ANALYSIS

Defendant removed the present action to this Court on the basis of diversity jurisdiction. *See doc. 1* at 1-2. "A federal court sitting in diversity applies state law for statute of limitations purposes." *Burnham v. Humphrey Hosp. Reit Trust, Inc.*, 403 F.3d 709, 712 (10th Cir. 2005). In New Mexico, the six-year statute of limitations for breach of contract claims applies to UIM claims. *Ellis v. Cigna Prop. & Cas. Companies*, 989 P.2d 429, 431 (N.M. 1999). "Under the discovery rule, the statute of limitations begins to run when the plaintiff knows[,] or[] with reasonable diligence should know, of his injury and its cause." *Gerke v. Romero*, 237 P.3d 111, 115 (N.M. Ct. App. 2010). Thus, the six-year limitation period for insurance claims "begins to accrue when the insurance contract is breached." *Brooks v. State Farm Ins. Co.*, 154 P.3d 697, 700 (N.M. Ct. App. 2007).

Here, the parties disagree as to when the statute of limitations began to accrue. *Doc. 4* at 2; *doc. 12* at 1. Plaintiff alleges that the accrual date is set, at the earliest, by a letter sent from Defendant to Plaintiff on October 13, 2010, in which Defendant denies

4

Plaintiff's request for arbitration. *Doc. 12* at 1. Defendant, on the other hand, alleges that the statute of limitations began to accrue when it first denied Plaintiff's insurance claim on April 30, 2010. *Doc. 4* at 2. Plaintiff filed this lawsuit in state court on October 13, 2016, exactly six years after Plaintiff alleges that the statute of limitations began to accrue. *Doc. 1-2* at 2. Thus, the question before the Court is whether the statute of limitations began to accrue at any point prior to October 13, 2010, as any such finding would result in dismissal of this action as time-barred by the statute of limitations.

In *Brooks v. State Farm Ins. Co.*, the New Mexico Court of Appeals considered a similar case in which the defendant alleged that the plaintiffs failed to file their insurance contract action within the statute of limitations. 154 P.3d at 699. On Defendant's motion for summary judgment, the court found that "the record [did] not clearly indicate when the agreement between the parties as to the value of [the plaintiffs'] UIM claim ultimately failed," but held that "[a]s long as negotiations in compliance with the insurance contract were ongoing, there was no breach of contract." *Id.* at 703. Applying this rule, the court concluded that "the parties were engaged in negotiations over the value of the UIM claim, in compliance with the insurance contract, during the six-year limitations period for bringing contract actions[,]" and that therefore the complaint was not barred by the statute of limitations. *Id.* Thus, the essential question in determining when the statute of limitations began to accrue is when the

parties ended their negotiations of Plaintiff's UIM claim, according to the facts set forth in Plaintiff's Complaint.

Here, Plaintiff alleges in her Complaint that "[a]fter [Defendant] consented to the third party settlement of $25,000 on February 26, 2010, the parties engaged in a multi-year correspondence and exchange of phone calls concerning [Plaintiff's] medical treatment, injuries, medical expenses, and [Defendant's] evaluation of the uniderinsured motorist claim." *Doc. 1-2 at 4*. Plaintiff references some of the correspondence between the parties and alleges that the multi-year negotiations continued until at least October 13, 2010. *Id*. Thus, on its face, the breach of contract asserted in Plaintiff's Complaint falls within the statute of limitations. Of course, this fact does not end the inquiry, as the Court must next determine whether Plaintiff's assertion on this point is "conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 681.

This question is easily answered. Plaintiff more than adequately supports this assertion with sufficient factual allegations. He summarizes a series of letters exchanged between the parties from April 6, 2010 to September 29, 2016. *Doc. 1-2 at 4-5*. The letters, which Plaintiff concedes are an incomplete set of the correspondence between the parties, are attached to the Complaint. *Id*., Exhs. 2-17. These letters contain

plenty of language which supports the contention that negotiations were ongoing late enough to bring Plaintiff's claim within the statute of limitations.[1]

Admittedly, a factfinder, or perhaps the Court upon a full summary judgment record, could conclude that if a breach occurred, it occurred prior to October 13, 2010. However, the question to be asked in response to Defendant's motion to dismiss is whether it is plausible that a breach occurred after that date. The factual allegations contained in Plaintiff's Complaint make it plausible. In other words, accepting as true all well-pleaded factual allegations and viewing the facts in the light most favorable to Plaintiff, the Court finds that negotiations between Plaintiff and Defendant were ongoing until at least October 13, 2010. *See Sutton*, 173 F.3d at 1236; *Anderson Living Trust*, 27 F. Supp. 3d at 1213. As no breach of contract can occur while negotiations are ongoing, Plaintiff's claims filed on October 13, 2016 are not barred by the six-year statute of limitations. *See Brooks*, 154 P.3d at 700.

---

[1] Ordinarily, a motion to dismiss tests the sufficiency of the claim based only on the four corners of the complaint. *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). However, in addition to the complaint, the Court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir.1997). The Court finds that the letters attached to Plaintiff's complaint meet these criteria. Thus, they may be considered without converting the motion to dismiss into a motion for summary judgment.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's claims are not barred by the statute of limitations, and that Defendant's Motion to Dismiss (*doc. 4*) is therefore DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**