IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANCESCA TUONI,

    Plaintiff,

v.                                                          Civ. No. 16-1291 GBW/KBM

METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY,

    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

This matter comes before the Court on Plaintiff's Motion to Amend Complaint (*doc. 30*). For the reasons that follow, the Motion will be granted.

**I.    BACKGROUND**

Plaintiff brought suit against Defendant in the Second Judicial District Court in the County of Bernalillo and State of New Mexico on October 13, 2016, and filed an Amended Complaint in the same court on October 17, 2016. *Doc. 1-2* at 2-8, 33-40. Defendant removed the action to this Court on November 23, 2016 on the basis of diversity jurisdiction. *Doc. 1*.

This lawsuit stems from Plaintiff's auto accident on September 13, 2005. *See doc. 1-2* at 34. Following the accident, Plaintiff obtained the approval of Defendant, her insurance carrier, to accept a policy-limits settlement from the insurance carrier of the at-fault driver. *Id.* After accepting that settlement, Plaintiff sought further insurance

1

coverage from Defendant pursuant to the underinsured motorist provisions of her insurance policy. *Id*. To date, Defendant has not provided any underinsured motorist insurance proceeds to Plaintiff under her policy. *Id.* at 34-36.

Plaintiff's Amended Complaint asserts claims against Defendant for breach of contract, bad faith, and unfair insurance claims practices pursuant to the New Mexico Unfair Claims Practices Act. *Id.* at 37-39. Additionally, the Amended Complaint seeks a declaratory judgment under the New Mexico Declaratory Judgment Act as to when the six-year statute of limitations for bringing a contract action in New Mexico began to or did accrue, and asks the Court to declare the rights and obligations of the respective parties under the terms of Plaintiff's insurance policy. *Id.* at 34-37; *see also* N.M.S.A. §§ 44-6-1 *et seq*. Plaintiff now moves to amend her Complaint a second time in order to remove the declaratory judgment claim. *See doc. 30* at 1.

II. **PARTIES' POSITIONS**

Plaintiff asserts that the declaratory judgment claim is "unnecessary," and that its deletion would make resolution of the case more efficient because that claim is equitable in nature while the remaining claims raise only questions of law. *Doc. 30* at 3. Plaintiff argues that the claim is now unnecessary in light of Defendant's admissions in its Answer as to the existence and terms of the insurance contract between Plaintiff and Defendant. *Id.* at 2; *see also doc. 38* at 2. Therefore, Plaintiff argues that the action should

2

proceed as a breach of contract and bad faith action, sounding in law, rather than a declaratory judgment action, sounding in equity. *Id*.

Defendant opposes Plaintiff's Motion on the basis that allowing Plaintiff to delete her declaratory judgment claim would be prejudicial. *Doc. 33* at 2. Defendant notes that Plaintiff sought a declaration regarding whether the statute of limitations to bring this action has passed, and Defendant argues that it relied on that aspect of the declaratory judgment claim in deciding not to include a counterclaim for declaratory judgment on the same question. *Id.* at 2-4. Defendant states that if the Court rules in Defendant's favor on Plaintiff's declaratory judgment claim by finding that Plaintiff's contract claims were brought after the limitations period had passed, Defendant would be entitled to dismissal of the Complaint with prejudice. *Id.* at 4. Therefore, Defendant argues that allowing Plaintiff to remove her declaratory judgment claim would result in prejudice to Defendant. *Id.*

In her reply, Plaintiff argues that no such prejudice would result because (1) Defendant has raised the statute of limitations argument as an affirmative defense to all of Plaintiff's legal claims; (2) Defendant asserted its statute of limitations argument as the basis of its 12(b)(6) Motion to Dismiss (*doc. 4*), which the Court already denied; and (3) Defendant retains the right to file a Motion for Summary Judgment on the basis of its statute of limitations argument, and has indicated that it intends to do so. *See doc. 38* at 1-2.

## III. STANDARD OF REVIEW

Plaintiff is beyond the 21-day time period during which she may file an amended pleading as a matter of course. FED. R. CIV. P. 15(a)(1). Therefore, Plaintiff must obtain either Defendant's consent or the Court's leave in order to amend. FED. R. CIV. P. 15(a)(2). The Court should "freely give" such leave "when justice so requires." *Id.* The decision to grant leave to amend a complaint is within the Court's discretion. *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994). "Refusing leave to amend is generally only justified upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment, etc." *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).[1]

Whether prejudice would result to the nonmoving party has been treated by the Tenth Circuit as the "most important[] factor in deciding a motion to amend the pleadings[.]" *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1207-08 (10th Cir. 2006). "Typically, courts will find prejudice only when an amendment unfairly affects non-movants in terms of preparing their response to the amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotations and alteration omitted). Courts

---

[1] Plaintiff filed her motion by the pleading amendment deadline set forth in the Court's pretrial scheduling order. *See doc. 24* at 2. Therefore, Plaintiff is not required to meet the additional "good cause" standard pursuant to Federal Rule of Civil Procedure 16(b) in order to prevail on her motion. *See id.* at 2 n.1 (citing *Gorsuch Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1242 (10th Cir. 2014)).

4

most often make such a finding "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d at 1208. Thus, an amendment may be found to be prejudicial "if its timing prevents the defendant from pursuing a potentially promising line of defense[.]" *Id.* at 1209. "Undue prejudice" can include "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant." *Deakyne v. Comm'rs of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969); *see Anderson v. PAR Electrical Contractors, Inc.*, 318 F.R.D. 640, 645 (D. Kan. 2017); *Corp. Stock Transfer, Inc. v. AE Biofuels, Inc.*, 663 F. Supp. 2d 1056, 1061 (D. Colo. 2009). Finally, it is the non-movant's burden to establish that undue prejudice will result from granting leave to amend. *See Corp. Stock Transfer*, 663 F. Supp. 2d 1056; *see also Schmitt v. Beverly Health and Rehabilitation Servs., Inc.*, 993 F. Supp. 1354, 1365 (D. Kan. 1998) (citing *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1997)); *Carefusion 213, LLC v. Professional Disposables, Inc.*, 2010 WL 4004874, at *4 n.19 (D. Kan. Oct. 12, 2010) (unpublished) (collecting cases from the District of Kansas for this proposition); *Lauer v. Credit Collection Servs.*, 2015 WL 1623031, at *1 (D. Utah Apr. 13, 2015) (unpublished).

IV. **ANALYSIS**

Defendant gives only one reason why prejudice would result from allowing Plaintiff to delete her declaratory judgment claim. Namely, Defendant states that it has "relied on" Plaintiff's declaratory judgment claim insofar as the claim asks the Court to

5

decide the "actual controversy between the parties concerning whether and when the six-year statute of limitations for bringing this contract action begins to or did accrue." *Doc. 33* at 2 (quoting *doc. 1-2* at 37). Defendant argues that while it did assert the statute of limitations as an affirmative defense to Plaintiff's claims, it "did not assert a claim for declaratory relief because Plaintiff included that in her Complaint." *Doc. 33* at 4. Defendant further argues that "Plaintiff has put forth no reason the amendment is necessary" and that "Plaintiff does not explain or provide any legal support" for her assertion that removal of the claim would make adjudication of this case more efficient. *Id.* at 2, 4.

As discussed above, however, Plaintiff is not required to establish that the proposed amendment is "necessary" in order to be given leave to amend. Rather, such leave should be freely given absent a compelling reason to deny it, such as undue prejudice to Defendant. *See Castleglen*, 984 F.2d at 1571. Defendant fails to explain how any prejudice—let alone undue prejudice—would result from the proposed amendment. Although Defendant argues that it omitted a counterclaim for declaratory judgment regarding the statute of limitations from its Answer because of its reliance on Plaintiff's inclusion of the claim in her Complaint, Defendant's affirmative defense on the same point remains intact. *See doc. 17* at 6. Indeed, Defendant has stated its intent to file a summary judgment motion on the basis of its statute-of-limitations defense. *See doc. 21* at 10. In other words, Defendant retains the opportunity to seek summary

6

judgment and dismissal of Plaintiff's Complaint with prejudice on the basis of the same defense it now argues it has been prejudicially foreclosed from presenting as a counterclaim.

Therefore, there is no basis for finding that allowing the proposed amendment would prevent Defendant "from pursuing a potentially promising line of defense," which is the test for undue prejudice in the Rule 15 context. *See Minter*, 451 F.3d at 1209. Though it acknowledges that the statute-of-limitations argument remains an available line of legal defense—and one that it intends to pursue—Defendant nonetheless insists that it "believes the declaratory relief, equitable in nature, is a necessary part of this case." *Doc. 33* at 4. However, Defendant has provided no legal support for the position that an equitable declaration by the Court that the applicable limitations period has passed is "necessary" or even practically distinguishable from a legal finding to the same effect in the context of deciding Defendant's anticipated summary judgment motion. *See generally id.*

In any event, if it so chooses, Defendant may amend its Answer as of right to assert a counterclaim for a declaratory judgment regarding the statute of limitations, given that such a counterclaim will directly relate to the changes in the proposed Second Amended Complaint. *See Hydro Engineering, Inc. v. Petter Investments, Inc.*, 2013 WL 1194732, at *3 (D. Utah Mar. 22, 2013) (unpublished) (citing *Nolan v. City of Yonkers*, No. 92 Civ. 6067(KMW), 1996 WL 120685, at *4 (S.D.N.Y. Mar. 19, 1996) and *S. New*

*England Tel. Co. v. Glob. NAPS, Inc.*, at *2-3, No. CIVA 3:04-CV-2075 JC, 2007 WL 521162, at *1 (D. Conn. Feb. 14, 2007)). Indeed, Defendant moved for leave to amend its Answer to assert such a counterclaim in its Response. *See doc. 33* at 4-5. The Court finds that Defendant may do so as of right in its Answer to the Second Amended Complaint.[2]

V. **CONCLUSION**

Defendant has failed to show that undue prejudice will result from granting Plaintiff leave to file the proposed Second Amended Complaint eliminating her claim for declaratory judgment. Consequently, Plaintiff's Motion is hereby GRANTED. Plaintiff may file the proposed Second Amended Complaint, attached to her Motion as Exhibit 3 (*doc. 30* at 25-32).

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
United States Magistrate Judge
**Presiding by Consent**

---

[2] As discussed in *Hydro Engineering*, federal courts "have taken a wide range of positions in deciding whether a defendant must seek leave of court to add counterclaims when responding to an amended complaint." 2013 WL 1194732 at *2 (citing *Pereira v. Cogan*, No. 00 CIV. 619 (RWS), 2002 WL 1822928, at *2 (S.D.N.Y. Aug. 7, 2002)). The Court herein need not resolve this question because the standard described above—the so-called "narrow approach"—is the strictest one, allowing such counterclaims as of right only when they directly relate to the changes in the amended complaint. Under the present circumstances, Defendant would be permitted to file such a counterclaim as of right pursuant to the "moderate" and "permissive" approaches as well. *See Tralon Corp. v. Cedarapids, Inc.*, 966 F. Supp. 812, 832 (N.D. Iowa 1997), *aff'd*, 205 F.3d 1347 (8th Cir. 2000) (moderate approach); *Am. Home Prod. Corp. v. Johnson & Johnson*, 111 F.R.D. 448, 453 (S.D.N.Y. 1986) (permissive approach); *see also Lawlis v. Moore Iron & Steel Corp.*, No. CIV-13-823-D, 2014 WL 7403854, at *3 (W.D. Okla. Dec. 30, 2014); *Digital Ally, Inc. v. DragonEye Tech., LLC*, No. 13-CV-2290 CM/TJJ, 2014 WL 2865592, at *3 (D. Kan. June 24, 2014) (adopting a fourth and still more permissive approach of "simply apply[ing] the Rule 15 standard equally to amended complaints and amended (or new) counterclaims").