In the United States District Court
for the District of New Mexico

Francesca Tuoni,
     Plaintiff,

v.                                    No. 1:16-cv-1291 GBW-KBM

Metropolitan Property and Casualty
Insurance Company,
dba MetLife Auto & Home,
     Defendant.

## Second Amended Complaint
## for
## Breach of Contract and Bad Faith
————

**This Claim** concerns Plaintiff Francesca Tuoni's underinsured motorist coverage pursuant to her automobile liability insurance policy with Defendant MetLife.

### General Allegations

1.     Plaintiff is a resident of Bernalillo County, State of New Mexico.

2.     Defendant is an insurer organized and existing under the laws of a state other than New Mexico, but is authorized to conduct business in New Mexico.

3.     The insurance contract at issue herein was made between the parties, and delivered to Plaintiff, in Albuquerque, New Mexico.

4.     At all times pertinent hereto, Plaintiff was the driver of her car insured by Defendant Metropolitan Property and Casualty Insurance Company dba MetLife Auto & Home (referred to herein as "MetLife"). The insurance policy was issued to Francesca Tuoni, policy no. 0542527760, and was in effect on the date of the collision in this case, September 13, 2005. Attached to this Complaint as **Exhibit 1** is a copy of the declarations page describing the

coverage and policy limits applicable to this claim, and the pages describing the Underinsured Motorists Coverage.

5.     On September 13, 2005, while driving her insured automobile, Ms. Tuoni was broadsided on the driver's side by a vehicle which ran a red light at a high rate of speed at the intersection of Lomas and Girard in Albuquerque. The driver of the other vehicle was Melody Ripley.

6.     The collision was caused by the negligence and carelessness of Melody Ripley.

7.     As a direct and proximate result of the collision, Francesca Tuoni has suffered severe personal injuries, impairment, disability, and pain and suffering; she was made to incur medical treatment and bills. She has suffered permanent injury and disability and loss of enjoyment of life.

8.     After the collision and as a result of the negligence of Melody Ripley and the injuries suffered by Francesca Tuoni, Ms. Tuoni obtained a policy limits settlement of $25,000 with Ripley's automobile liability insurance carrier. Defendant MetLife gave consent to that policy limits settlement.

9.     The policy limits settlement with Ripley's insurance carrier was insufficient to cover the damages incurred by Plaintiff Tuoni, so she made a demand for settlement with Defendant MetLife pursuant to the under-insured motorist provisions of Tuoni's insurance policy, Ex. 1.

10.     Plaintiff has performed all conditions precedent to her right to receive insurance proceeds under the MetLife insurance policy for her losses and injuries caused by the negligence and carelessness of Melody Ripley.

11.     Despite Plaintiff's settlement demand made to Defendant MetLife, the defendant has failed and refused to offer any amount for settlement of Plaintiff's damages suffered as a result

of the collision. Defendant has further stated that the demand is "outside the applicable statute of limitations."

12.     There is underinsured motorist bodily injury coverage in the amount of $100,000 limits available to Plaintiff under the terms of the insurance policy, subject to reduction by the amount she received from the at-fault driver's insurance carrier.

13.     After MetLife consented to the third party settlement of $25,000 on February 26, 2010, the parties engaged in correspondence, production of medical records and information, and exchange of phone calls concerning Ms. Tuoni's medical treatment, injuries, medical expenses, and MetLife's evaluation of the underinsured motorist claim. Specifically the following letters were exchanged with interspersed phone calls. This is not an all-inclusive listing of the letters, because Plaintiff does not possess copies of all correspondence and some is redundant:

> **Exhibit 2**: MetLife to Plaintiff's counsel Robert Avila dated April 6, 2010,
>
> **Ex. 3:**     MetLife to Avila dated April 30, 2010, stating: "[W]e believe that the insured has been fairly compensated for her loss, thereby, we will be unable to make any offers at this time."
>
> **Ex. 4:**     Avila to MetLife 5/19/2010 asking for a copy of the insurance policy.
>
> **Ex. 5:**     MetLife to Avila 5/28/2010 discussing the claim and again stating "[W]e believe that the insured has been fairly compensated for her loss, thereby, we will be unable to make any offers at this time." The letter invites additional information.
>
> **Ex. 6:**     Avila to MetLife 7/9/2010 providing further documents, discussing the claim, asking for referral to counsel for arbitration or litigation, and offering an Independent Medical Examination.
>
> **Ex. 7:**     MetLife to Avila 7/28/2010: ***"We will respond to your request respectfully [concerning litigation or arbitration and offer of an IME]."*** (emphasis added)
>
> **Ex: 8:**     Avila to MetLife 8/25/10 asking for follow-up.
>
> **Ex. 9:**     MetLife to Avila 10/13/2010 stating:

> [W]e continue to find it difficult to causally relate the head injury and
> the significant amount of treatment to the above accident. Therefore, we
> believe that the insured has been fairly compensated for her loss and will
> be unable to respond to your request for Arbitration and/or an IME.
>
>          Looking forward to speaking with you soon regarding this matter.

**Ex. 10:**    MetLife to Avila 11/17/2010 asking: "Please contact me at your earliest convenience *so that we can move toward resolving your client's claim.*" (emphasis added)

**Ex. 11:**    MetLife to Plaintiff's new counsel John Tiwald 1/9/2012 asking for "medical documentation as it becomes available, *this will help us maintain proper reserves for this claim."* (emphasis added)

**Ex. 12:**    MetLife to Tiwald 5/11/2012 seeking to "discuss your client's claim in more detail."

**Ex. 13:**    MetLife to Tiwald 8/24/2012, stating: "[P]lease send me any additional copies of your client's medical and wage records *for additional consideration."* (emphasis added)

**Ex. 14:**    MetLife to Tiwald 1/25/2013: "As per our recent conversation, please provide us with updated status for consideration of Francesca Tuoni's continued treatment."

**Ex. 15:**    MetLife to Tiwald 12/13/2013: "Please contact me at your earliest convenience *so that we can move toward resolving your client's claim.*" (emphasis added)

**Ex. 16:**    Tiwald to MetLife 7/18/2016 submitting formal settlement package. (This is the first page of the 27-page letter with package of medical records. The complete letter and package of records will be produced to defense counsel and the Court upon request.)

**Ex. 17:**    MetLife to Tiwald 9/29/2016. Denial of claim: "[I]t is our position that the UIM claim is outside the applicable statute of limitations."

14.    The statute of limitations for making the underinsured motorist claim is settled for New Mexico in the case of *Brooks v. State Farm Insurance Company,* 2007-NMCA-033, 141 N.M. 322 (Ct.App. 2007). The case addresses this question: "When does the six-year limitations period for contract actions begin to accrue on a claim raised under an uninsured motorist policy?" *Brooks,* ¶ 2. The Court of Appeals answers:

> [T]he limitations period for seeking UIM coverage does not begin to run until there is a justiciable claim based on a "failure to do that which is required under the terms of the policy." Until that time, the parties are performing according to the bargained-for obligations under the policy, and there is no cause to seek judicial relief." *Id.* ¶ 15. (internal citations omitted).

15.    MetLife's letter of 10/13/2010 (Ex. 9) stated it would not agree to arbitration. This statement was consistent with the insurance policy (Ex. 1) with requires consent of both parties for arbitration.

16.    As of MetLife's letter to Tiwald of January 9, 2012 (Ex. 11), MetLife was still performing according to its "bargained-for obligations under the policy," and "there [was] no cause to seek judicial relief. *Brooks* at ¶ 15. Specifically, Defendant requested continued "medical documentation as it becomes available, *this [sic] will help us maintain proper reserves for this claim*." (Ex. 11, emphasis added).

17.    MetLife's letter to Tiwald of January 25, 2013 (Ex. 14), demonstrates that the parties remained engaged in negotiations over the value of the UIM claim in compliance with the insurance contract. *Brooks* at ¶ 20. Specifically, MetLife stated: "As per our recent conversation, please provide us with updated status for consideration of Francesca Tuoni's continued treatment."

## Breach of Contract

18.    Plaintiff incorporates all other allegations of this Complaint.

19.    The insurance policy (Ex. 1) states that Defendant MetLife "will pay damages for bodily injury sustained by you . . . caused by an accident arising out of the . . . use of an underinsured motor vehicle, which you . . . are legally entitled to collect from the owner or driver of an underinsured motor vehicle."

20.     Defendant has failed and refused to pay those damages under the terms of the insurance policy.

21.     Defendant has breached its contractual obligation to pay the damages incurred by Plaintiff.

22.     The refusal to pay the damages in the circumstances of this case is unreasonable.

**Bad Faith**

23.     Plaintiff incorporates all other allegations of this Complaint.

24.     There is implied in every insurance policy a duty on the part of the insurance company to deal fairly with the policy holder.

25.     Fair dealing means to act honestly and in good faith in the performance of the contract.

26.     The insurance company must give equal consideration to its own interests and the interests of the policy holder.

27.     An insurance company and its employees act in bad faith when they refuse to pay a claim of the policyholder for reasons which are frivolous or unfounded.

28.     In deciding whether to pay a claim, the insurance company and its employees must act reasonably under the circumstances.

29.     The acts of the Defendant in choosing to deny Plaintiff's claim based on its letter of 4/30/2010 (Ex. 3) was unreasonable and unfair in light of the continuous communications between the parties.

30.     The acts of the Defendant in denying the claim in these circumstances was a breach of its duty to give equal consideration to the interests of the policy holder and to its own interests.

31..    The acts of the Defendant constitute an unreasonable failure to pay a first party coverage claim, entitling Plaintiff to an award of reasonable attorney fees and costs under NMSA § 39-2-1.

32.    The actions of Defendant were willful, reckless, malicious, oppressive, and in bad faith or fraudulent, entitling Plaintiff to recover punitive damages in an amount to be determined.

### Unfair Insurance Claims Practices

33.    Plaintiff incorporates all other allegations of this Complaint.

34.    Defendant's denial of the claim constitutes an unfair and deceptive practice and is prohibited by § 59A-16-20, NMSA 1978, as follows:

> 59A-16-20.E:    not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear;

35.    Defendant's denial of the claim is a bad faith breach of its duty to act honestly and in good faith. *Travelers Insurance Co. v. Montoya*, 90 N.M. 556, 566 P.2d 105 (Ct.App.1977); UJI 13-1702 NMRA; and other New Mexico case law.

**Wherefore** Plaintiff asks the court for judgment against Defendant as follows:

A.    For an award in favor of Plaintiff and against Defendant in an amount sufficient to compensate Plaintiff for all damages, injuries, and losses which she is legally entitled to collect from the owner or driver of the underinsured motor vehicle;

B.    For damages for Defendant's bad faith, punitive damages, attorney fees, costs, and interest recoverable under the law;

C.    For her damages, attorney fees, and costs pursuant to § 59A-16-30 NMSA;

D.  For her attorney fees and costs pursuant to § 39-2-1 NMSA;

E.  For prejudgment interest;

F.  For such other and additional relief as is proper under the law.

Respectfully submitted,

**John Tiwald, P.C.**
**Attorney for Plaintiff**

By */s/ John Tiwald — Electronically filed*
John Tiwald, Attorney at Law
6121 Indian School Road NE, Suite 210
Albuquerque, New Mexico  87110-3179
(505) 883-4133
john@tiwaldlaw.com

Certification of Service:
        I certify that I filed this document using the CM/ECF system on September 1, 2017. The system causes all counsel to be served by electronic means as reflected on the Notice of Electronic Filing.

*/s/ John Tiwald*

Automobile Insurance Declarations                                     SI 30

| Policy Number: 0542527760 | Page 1 of 2 |
|---|---|
| Policy Effective Date: 06-01-2005 | |
| Policy Expiration    Date: 12-01-2005 | Renewal Effective Date: 06-01-2005 |
| At: 12:01 A.M. | |

| Named Insured: | |
|---|---|
| FRANCESCA  TUONI | You have selected our Payroll Deduction |
| 327 TULANE PL NE | Plan.  Your premium includes the Payroll |
| ALBUQUERQUE        NM 87106 | Deduction Discount. |

## Insured Vehicle(s)

| Veh | Year | Make | Model | Body Type | Vehicle ID Number | Sym | Territory |
|---|---|---|---|---|---|---|---|
| 1 | 1989 | VOLVO | 240 | 4DR | YV1AX8842KH337072 | 10 | 07 |

| Coverage Description | Applicable Limits | Semi-Annual Premiums 1989 VOLVO |
|---|---|---|
| **Liability** | | |
| Bodily Injury | $  100,000 Per Person/ | |
| | $  300,000 Per Occurrence | 65 |
| Property Damage | $   50,000 Per Occurrence | 52 |
| Medical Expense | $    5,000 Per Person | 11 |
| **Physical Damage** | **1989 VOLVO** | |
| Actual Cash Value(ACV) or Limit | ACV | |
| Collision less deductible | $ 100 | 61 |
| Comprehensive less deductible | $  50 | 28 |
| Towing and Labor Limit | $  50 | Incl |
| **Optional Coverages** | | |
| Substitute Transportation | $25 Day/ $750 Occurrence | 16 |
| | **Vehicle Totals:** | 233 |
| | **Total For All Vehicles:** | 233 |
| **Uninsured/Underinsured Motorists** | | |
| Bodily Injury | $  100,000 Per Person/ | |
| | $  300,000 Per Accident | 37 |
| Property Damage | $   10,000 Per Accident | 3 |
| | **Total Semi-Annual Premium:** | 273 |

**Deductible Savings Benefit (DSB) $   200**

Deductible Savings reduces Collision or Comprehensive deductibles, excluding towing and glass claims, effective 06-01-2005 for claims occurring after this date. Your next anniversary date is 06-01-2006. See Important Notice for detail

**Forms and Endorsements**
      MPL 6010-000 NM400A NM700 V550 V934

MetLife® Auto & Home is a brand of Metropolitan Property and Casualty Insurance Company and its Affiliates, Warwick, RI

MPL 1380-000

EXHIBIT
1

Printed in U.S.A. (

uninsured motor vehicle, which **you** or a **relative** are legally entitled to collect from the owner or driver of an **uninsured motor vehicle;** or

2. any other person, caused by an accident while **occupying a covered automobile,** who is legally entitled to collect from the owner or driver of an **uninsured motor vehicle.**

**We** will also pay damages to any person for damages that person is entitled to recover because of **bodily injury** sustained by anyone described in 1. or 2. above.

## UNDERINSURED MOTORISTS COVERAGE

This coverage is provided only if a premium is shown in the Declarations.

**We** will pay damages for **bodily injury** sustained by:

1. **you** or a **relative,** caused by an accident arising out of the ownership, maintenance, or use of an **underinsured motor vehicle,** which **you** or a **relative** are legally entitled to collect from the owner or driver of an **underinsured motor vehicle;** or

2. any other person, caused by an accident while **occupying a covered automobile,** who is legally entitled to collect from the owner or driver of an **underinsured motor vehicle.**

**We** will also pay damages to any person for damages that person is entitled to recover because of **bodily injury** sustained by anyone described in 1. or 2. above.

## COVERAGE EXCLUSIONS

**We** do not cover:

A. any person **occupying** or struck by a **motor vehicle** owned by **you** or a **relative,** other than a **covered automobile.**

B. any person who settles a **bodily injury** claim, with any liable party, without **our** written consent.

C. any claim which would benefit any insurer or self-insurer under any workers compensation, disability benefits, or similar law.

D. any claim for which benefits are provided under the Personal Injury Protection or Medical Expense coverage of this policy.

E. any person, other than **you,** or a **relative,** while **occupying:**

1. a **covered automobile** while it is being used to carry persons or property for a fee.

   EXCEPTION: This exclusion does not apply to shared expense car pools.

2. a vehicle while being used without the permission of the owner.

F. **bodily injury** or **property damage** awards designated as punitive, exemplary, or statutory multiple damages.

G. a **relative** who owns, leases or has available for their regular use, a **motor vehicle** not described in the Declarations.

11

## SETTLEMENT

Whether any person is legally entitled to collect damages under this section, and the amount to which such person is entitled, will be determined by agreement between that person and **us**.  Upon written consent of both parties, any disagreement will be settled by arbitration.

When arbitration applies, it will take place under the rules of the American Arbitration Association, unless other means are required by law or are agreed to by the injured party and **us**.

If a person seeking coverage files a suit against the owner or driver of the **uninsured** or **underinsured motor vehicle**, copies of suit papers must be forwarded to **us** and **we** have the right to defend on the issues of the legal liability of, and the damages owed by, such owner or driver.  However, **we** are not bound by any judgment against any person or organization obtained without **our** written consent.

## LIMIT OF LIABILITY

The limit of liability shown in the Declarations for "each person" is the most **we** will pay for all damages, including damages for care, loss of consortium, emotional distress, loss of services or death, arising out of **bodily injury** sustained by any one person as the result of any one accident.  Subject to this limit for "each person", the limit shown in the Declarations for "each accident" for **bodily injury** liability, is the most **we** will pay for all damages, including damages for care, loss of consortium, emotional distress, loss of services or death, arising out of **bodily injury** sustained by two or more persons resulting from any one accident.  This is the most **we** will pay regardless of the number of:

1. covered persons;

2. claims made;

3. vehicles or premiums shown in the Declarations; or

4. vehicles involved in the accident.

## REDUCTIONS

The lesser of the limits of this insurance or the amount payable under this coverage will be reduced by any amount:

1. paid by or on behalf of any liable parties.

2. paid or payable under any workers compensation, disability benefits or similar laws.

3. paid or payable under the **AUTOMOBILE LIABILITY** section of this policy.

## OTHER INSURANCE

If there is other similar insurance, **we** will pay only **our** fair share.  The total amount of recovery under all policies will be limited to the highest of the applicable limits of liability of this insurance and such other insurance.

**Our** fair share is the proportion that **our** limit bears to the total of all applicable limits.  However, **if you** do not own the **motor vehicle**, **our** insurance will be excess over other similar uninsured or underinsured insurance available but only in the amount by which the limit of liability of this policy exceeds the limits of liability of the other available insurance.  If there is other excess or contingent insurance, **we** will pay **our** fair share.

**MetLife Auto & Home®**
Dallas Field Claim Office
Mail Processing Center
P.O. Box 410350
Charlotte, NC 28241
(800) 854-6011



# MetLife

April 6, 2010

**Via Fax – 505-247-4284**
Robert Avila
P.O. Box 1966
Albuquerque, NM 87103

| | |
|---|---|
| Our Customer: | Francesca Tuoni |
| Our Claim Number: | DAB41867 DU |
| Date of Loss: | September 13, 2005 |
| Your Client: | Francesca Russo |
| Your File Number: | |

Dear Robert Avila:

As per our recent conversation, enclosed is an unofficial copy of the Dec Page for the insured showing UM/UIM coverages. We also note that we have received via fax from your office today, a copy of the adverse carrier's settlement agreement and settlement check. You have also informed that you are in the process of obtaining one additional record and bill to add to our evaluation of which we hope to receive prior to the completion of the evaluation .

Also as discussed, we are in the process of completing our evaluation and will respond accordingly within three weeks and/or by April 19, 2010.

If you have any questions in the meantime, please give me a call.

Sincerely,

Anniece Washington
Metropolitan Direct Property and Casualty Insurance Company
Senior Claim Adjuster
(800) 854-6011 Ext. 5563
Fax: (866) 947-1917

New Mexico state law requires us to notify you of the following: Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilt of a crime and may be subject to civil fines and criminal penalties.

MetLife Auto & Home is a brand of Metropolitan Property and Casualty Insurance Company and its Affiliates, Warwick, RI

MPL SETACK



EXHIBIT
2

Printed in U.S.A 0698

MetLife Auto & Home®
Dallas Field Claim Office
Mail Processing Center
P.O. Box 410350
Charlotte, NC 28241
(800) 854-6011

APR 3 0 2010

**MetLife**®

April 30, 2010

**Via Fax – 505-247-4284**
Robert Avila
P. O. Box 1966
Albuquerque, NM 87103

Our Customer:        Francesca Tuoni
Our Claim Number:    DAB41867 DU
Date of Loss:        September 13, 2005
Your Client:         Francesca Tuoni

Dear Bob:

As per our recent conversation regarding settlement for the above Underinsured Motorist bodily injury claim (herein) UMBI, we believe that the insured has been fairly compensated for her loss, thereby, we will be unable to make any offers at this time.

If you would still like to discuss this further to go over the medical records, I would be happy to do so.

Please contact me once you have discussed this with your client. Thank you.

We look forward to hearing from you soon.

Sincerely,

Anniece Washington
Metropolitan Direct Property and Casualty Insurance Company
Senior Claim Adjuster
(800) 854-6011 Ext. 5563
Fax: (866) 947-1917

New Mexico state law requires us to notify you of the following: Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilt of a crime and may be subject to civil fines and criminal penalties.

MetLife Auto & Home is a brand of Metropolitan Property and Casualty Insurance Company and its Affiliates, Warwick, RI.

MPL OFFERAT



EXHIBIT
7

Printed in U.S.A. 0698

Mailing:                    *Robert J. Avila, P.A.*        Office:

P.O. Box 1966               Attorney & Counselor At Law     115 8ᵗʰ Street, SW
Albuquerque, NM 87103       E.Mail: rjavila@qwestoffice.net  Albuquerque, NM 87102
Fax (505) 247-4284                                          Phone: (505) 247-4321


May 19, 2010


Anniece Washington
MetLife
P.O. Box 410350
Charlotte, NC  28241-0350


           RE:   My Client/Your Insured:    Francesca Tuoni
                 Your Claim No.:            DAB418670
                 Date of Loss:              September 13, 2005

Dear Anniece:

I had hoped to speak with you last week as we had planned, but you have not returned my phone
call. Pursuant to our conversation it would appear that you may have overlooked all of the
references regarding Ms. Tuoni's head injury and/or confused the other bodily injuries with the
issues related to her head injury.

I would ask that you review these highlighted portions of her medical records in order to link the
initial injury with her subsequent care. You stated to me in our telephone conversation that she
did not complain of a head injury until over one year after the collision. As you will see with the
enclosed records, Ms. Tuoni was complaining immediately after the collision of pressure in the
back of her head, as well as dizziness, memory loss and inability to hold certain words. As she
continued to receive medical care many of these symptoms did resolve. The doctors who were
treating her, however, felt that she may have suffered a traumatic brain injury and therefore
recommended the neurological testing.

I want to clearly establish that this office never prescribed nor recommended any particular care,
but did, however, discuss with Ms. Tuoni the various types of imaging and testing that are
available with a potential closed head injury. This is not only appropriate, but it is essential for
counsel to explore the realm of medical care in the context of her concerns about her injury.

We have requested from MetLife on numerous occasions a copy of her policy of insurance. This
has yet to arrive. In the event you do not change your position regarding Ms. Tuoni receiving full
compensation for her claim, there must be a determination on how the claim will be resolved.
There should be policy provisions that addresses dispute resolution. This production, however,



EXHIBIT
4

does not cure the fact that your company has not provided the policy of insurance after numerous requests for review.

We are also very concerned you are not only discounting her head injury, but also the chronic and permanent nature of the cervical spine injury. By denying her coverage from her underinsured motorist you are not attempting in good faith to effectuate a prompt, fair and equitable settlement of her claim in which liability has become reasonably clear. You are also compelling your insured to institute litigation to recover amounts due under the policy by offering her nothing.

Your letter of April 30, 2010 contains no statement whatsoever regarding the basis of your determination that you *"believe that the insured has been fairly compensated for her loss, thereby, we will be unable to make any offer at this time."* Your insured hereby demands that should you maintain this position, after having reviewed the highlighted information herein, that you provide a reasonable explanation of the basis upon which you rely upon to deny her claim. This should be specific and directly relate to medical records and your determination as to the value of her claim. Your insured is entitled to a specific, concise statement as to all reasons for denial of her claim pursuant to New Mexico Law.

Given the permanent nature of her cervical spine injuries as well as the closed head injury that Ms. Tuoni suffered, she needs your help more than ever to resolve her claim. People necessarily look to their insurance company for relief as they believe that their company will act in good faith at all times.

Please contact me upon receipt. We expect an answer within ten (10) days and immediate production of her policy of insurance.

Sincerely,

ROBERT J. AVILA
Attorney at Law

Enclosure: as stated

RJA/rp

cc:   Francesca Tuoni



MetLife Auto & Home®
Dallas Field Claim Office
Mail Processing Center
P.O. Box 410350
Charlotte, NC 28241
(800) 854-6011

JUN 0 2 2010



**MetLife**®

May 28, 2010

**Fax Via (505) 247-4284**
Robert J. Avila, P.A.
P. O. Box 1966
Albuquerque, NM  87103

Our Customer:        Francesca Tuoni
Our Claim Number:    DAB41867 DU
Date of Loss:        September 13, 2005
Your Client:         Francesca Tuoni

Dear Mr. Avila:

This letter is to acknowledge your letter dated May 19, 2010.  In your letter you assert that we may have overlooked all of the references regarding Ms. Tuoni's head injury and/or have confused the other bodily injuries with issues related to her head injury.  You have also confirmed via voicemail, that you have received a certified copy of the insured's policy.

We have completed our review of the medical records provided by your office.  The medical records reveal that Ms. Tuoni treated on the date of loss for pain in the right side of her neck and shoulder.  She advised at that time she had no loss of consciousness.  She was diagnosed with a cervical strain and recommended heat and ice.  Later that month, Ms. Tuoni sought treatment for complaints of right anterior chest pain with chest x-ray which was normal.  She was referred for physical therapy, but sought massage therapy instead.  According to the medical records, theses initial complaints of neck and chest resolved.

The insured sought treatment on the scene by EMS, we have no records of this encounter to review for any complaints of head injury.  Our findings on exams by PMR (Garza) and 3 neurologists was mildly decreased cervical range of motion and some tenderness.  No neurological symptoms, nor changes in motor sensory.  Due to these findings it is difficult to casually relate a closed head injury or concussion as a result of the above accident.  We also find that no diagnosis was made of possible post-traumatic brain injury until 1 year later.  All testing for possible head injury was normal, (Brain MRI, EEG) as well as the neuropsychological evaluation was inconsistent with brain injury.  The psychologist noted no malingering, but that the claimant was pre-occupied with her health.

The insured sought treatment for 4 years as a result of the above accident and after careful review and evaluation of her claim, we find it difficult to casually relate the significant amount of treatment to the above accident.

MetLife Auto & Home is a brand of Metropolitan Property and Casualty Insurance Company and its Affiliates, Warwick, RI

MPL SETACK

**EXHIBIT
5**

Printed in U.S.A 0698

Page 2

We also have requested to obtain missing records to review the specialist reports. This request included obtaining records from the following:

EMS for date of loss

Chiropractor Dr. Russo after 8/30/2006 to present, he also ordered current Physical Therapy

Mr. Fahey, MT regarding Rolfing Testing, was this ever done.

John Sloan MD, he ordered the lumbar MRI and several of the consults.

Thank you for your time in this matter, however, based on the above evaluation, we believe that the insured has been fairly compensated for her loss, thereby, will be unable to make any offers at this time.

If you would like to discuss further or have any additional information you would like to add, please feel free to contact me at the number listed below.

Sincerely,

Anniece Washington

Metropolitan Direct Property and Casualty Insurance Company

Senior Claim Adjuster

(800) 854-6011 Ext. 5563

Fax: (866) 947-1917

New Mexico state law requires us to notify you of the following: Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilt of a crime and may be subject to civil fines and criminal penalties.

Mailing:                    *Robert J. Avila, P.A.*           Office:
P.O. Box 1966               Attorney & Counselor At Law        115 8th Street, SW
Albuquerque, NM 87103       E.Mail: rjavila@qwestoffice.net    Albuquerque, NM 87102
Fax 505.247.4284                                               Phone: 505.247.4321

July 9, 2010

Anniece Washington
MetLife
P.O. Box 410350
Charlotte, NC 28241-0350

> RE:   My Client/Your Insured:     Francesca Tuoni
>       Your Claim No.:             DAB418670
>       Date of Loss:               September 13, 2005

Dear Ms. Washington:

I appreciate your allowing me the opportunity to provide you with additional requested medical records. We enclose the following:

1. Albuquerque Fire Department Incident Report, 09.13.05
2. Francesca Russo, D.C., B.C.A.O. records from November 2006 to 4.20.10
3. Brian W. Fahey, faxed 06.08.10
4. Dr. Sloan report 01.21.07

The Albuquerque Fire Department (AFD) report that we obtained, based on your request, establishes the head and body trauma suffered by Ms. Tuoni was caused by the high impact collision. AFD arrived soon after the collision and assessed Ms. Tuoni for trauma. She described her injuries to the neck and as suffering from an immediate onset of headache and overall body trauma. The EMS detailed her trauma in the report. A person does not have to lose consciousness to have suffered a closed head injury. (Please access the Center for Disease Control website, traumatic brain injury, concussion syndrome for extensive authority substantiating this statement). The records establish head trauma symptoms at the time of the collision.

I have attached for you the records that we received from Dr. Russo from August 30, 2006 to present, as requested. The November 8, 2006 report states Ms. Tuoni's condition is unchanged and that Dr. Russo would henceforth provide support on a palliative/supportive basis because her Atlas had held for four months. Ms. Tuoni returned in October of 2006 and again in October 2008 when her Atlas would cause her difficulty. She returned for treatments in July 2009 through April 2010 with her symptoms unchanged and painful. You will note that when she carried



Anniece Washington
July 7, 2010
2 | P a g e

groceries, it aggravated her condition.  This loss of household services must be considered by
you in your evaluation of her chronic condition.


We inquired as to Dr. Fahey's [sic] reports per your request.  We understand that Francesca
Tuoni visited Mr. Fahey in 2006.  Mr. Fahey is not a licensed practitioner; therefore, Ms. Tuoni
did not receive any care from him and sought out another Physical Therapist, Terry Kern, P.T.
However, we attach a copy of the correspondence from Mr. Fahey's office to the effect that the
records she brought in were returned to Ms. Tuoni and that he did not generate any records.

We also are attaching the records that we have received from Dr. Sloan in regards to the MRI.
Dr. Sloan is one of several physicians at Manzano Medical Group. We directed this request to
Dr. Sloan, as opposed to the group and were able obtain the attached report. Dr. Sloan met with
Ms. Tuoni in January 2006. She was suffering from chronic pain, pressure, numbness and
tingling in various parts of her body. After examination she was diagnosed with chronic pain.
Chronic conditions are deemed permanent and, indeed, she continues to suffer to this date. It is
incredulous that you determine she is not entitled to compensation for a lifetime of pain and
suffering related to her bodily injuries and all the consequences therefrom that affect every
aspect of her life because you believe she didn't suffer trauma to the head.

I respectfully disagree with the analysis you provided in your short form letter. Ms. Tuoni
repeatedly complained of numerous symptoms which are consistent with a closed head
injury/concussion.

On May 19, 2010, we provided you with extensive medical records wherein we highlighted all of
the symptoms consistent with a head injury one year post collision.  For example, the November
14, 2005 records where she indicated that she couldn't remember phone numbers and suffered
from anxiety. Occipital and suboccipital tenderness was noted.  The "pressure" she feels is in the
back of the head and she had buzzing episodes. The accident report on the day of the collision
she complained of being light headed, memory loss and loss of balance, all consistent with the
mechanics of her injury. The first year records also reflect dizziness, nausea and blurred vision.
The May 2006 records of Dr. Russo notes a possible brain trauma. The brain is very soft tissue
and is encased in the skull and when her head was thrown so far forward as to leave a lipstick
stain on her blouse, we know the flexion and extension was severe, with the brain colliding
against the walls of the skull. We provided this to your office after you indicated there was no
symptomology related to her closed head injury until one year post incident. You repeat this
unfounded position in your most recent correspondence.

You have required the insured to submit, now threefold, medical records for her claim. We
believe that your explanation is insufficient in regards to your statutory duty to inform your
insured of the reason for denial of her claim.  Although you take issue with her head injury, you
have completely ignored the other chronic neck and back injuries, loss of household services and
loss of enjoyment of life in your evaluation.

Anniece Washington
July 7, 2010
3 | P a g e

After your review of these documents, should your office decide to maintain your position that Ms. Tuoni is not entitled to further recovery, we request that you advise who your choice of counsel here in New Mexico is so that we may discuss the issues of whether this matter will proceed to Litigation or Arbitration.  You may also wish to consider an IME.  This office is always amendable to alternative dispute resolution and you may wish to discuss this with MetLife.

Your prompt review of these materials would be greatly appreciated.

Cordially,

ROBERT J. AVILA
Attorney at Law

cc:    Francesca Tuoni *(w/o enclosures)*

Encls.: *as stated*

MetLife Auto & Home®
Dallas Field Claim Office
Mail Processing Center
P.O. Box 410350
Charlotte, NC 28241
(800) 854-6011

AUG 0 2 2010



MetLife®

July 28, 2010

**Via Fax – 505-247-4284**
Robert Avila
P. O. Box 1966
Albuquerque, NM  87103

Our Customer:            Francesca Tuoni
Our Claim Number:        DAB41867 DU
Date of Loss:            September 13, 2005
Your Client:             Francesca Tuoni

Dear Avila:

Thank you for providing us with the additional requested information.  As per our conversation of 07/28/2010 and after careful review of the additional medical records and as per our letter dated May 28, 2010, our evaluation remains unchanged.  The Albuquerque Fire Department Ambulance Report indicated that the insured was ambulatory at the scene, denied loss of consciousness, was alert and oriented and complained of minor pain to the right lateral neck and headache.

Again based on our continued evaluation of the prior and/or recent medicals provided, we continue to find it difficult to causally relate the head injury and the significant amount of treatment to the above accident.  Therefore, we believe that the insured has been fairly compensated for her loss, and will be unable to make any offers at this time.

You have requested that we advise you of our choice of counsel in New Mexico so that we may discuss the issue of whether this matter will proceed to Litigation and/or Arbitration.  You have also requested that we consider an IME.  We will respond to your request respectfully.

Looking forward to speaking with you soon regarding the above matter.

Sincerely,

Anniece Washington
Metropolitan Direct Property and Casualty Insurance Company
Senior Claim Adjuster
(800) 854-6011 Ext. 5563
Fax: (866) 947-1917

New Mexico state law requires us to notify you of the following: Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilt of a crime and may be subject to civil fines and criminal penalties.

MetLife Auto & Home is a brand of Metropolitan Property and Casualty Insurance Company and its Affiliates, Warwick, RI

MPL OFFERAT



EXHIBIT
7

Printed in U.S.A  0698

*Robert J. Avila P.A.*
ATTORNEY AND COUNSELOR AT LAW
Ph 505.247.4321 | Fx 505.247.4284
Office: 115 8th Street, SW | Mailing: P.O. Box 1966 | Albuquerque, NM 87103
Email: rjavila@qwestoffice.net

August 25, 2010

Anniece Washington
MetLife
P.O. Box 410350
Charlotte, NC  28241-0350

    RE:    **My Client/Your Insured:**    **Francesca Tuoni**
           **Your Claim No.:**            **DAB418670**
           **Date of Loss:**              **September 13, 2005**

Dear Anniece:

We have not heard from you regarding choice of local counsel nor have I received a phone call.
If the file is in transit, please advise.

I appreciate your prompt response.

Cordially,

ROBERT J. AVILA
Attorney at Law

cc:    Francesca Tuoni

RJA/rp



972   METLIFE   08:42:27 a.m.   10-14-2010   1/1

MetLife Auto & Home®
Dallas Field Claim Office
Mail Processing Center
P.O. Box 410350
Charlotte, NC 28241
(800) 854-6011

**MetLife**

October 13, 2010

Via Fax – (505) 247-4284
Robert J. Avila P. A. Attorney and Counselor at Law
115 8th Street , SW
P.O. Box 1966
Albuquerque, NM  87103

| | |
|---|---|
| Our Customer: | Francesca Tuoni |
| Our Claim Number: | DAB41867 DU |
| Date of Loss: | September 13, 2005 |
| Your Client: | Francesca Tuoni |

Dear Mr. Avila:

In response to your recent letter and based on our continued evaluation of the above claim, we continue to find it difficult to causally relate the head injury and the significant amount of treatment to the above accident.  Therefore, we believe that the insured has been fairly compensated for her loss and will be unable to respond to your request for Arbitration and/or an IME.

Looking forward to speaking with you soon regarding the above matter.

Sincerely,

Anniece Washington
Metropolitan Direct Property and Casualty Insurance Company
Senior Claim Adjuster
(800) 854-6011 Ext. 5563
Fax: (866) 947-1917
Email: awashington@metlife.com

New Mexico state law requires us to notify you of the following: Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilt of a crime and may be subject to civil fines and criminal penalties.

MetLife Auto & Home is a brand of Metropolitan Property and Casualty Insurance Company and its Affiliates, Warwick, RI

MPL OFFERAT                                                    Printed in U S A  0698



EXHIBIT
7

MetLife Auto & Home®
Dallas Field Claim Office
Mail Processing Center
P.O. Box 410350
Charlotte, NC 28241
(800) 854-6011

NOV 2

November 17, 2010

Robert Avila
P. O. Box 1966
Albuquerque, NM  87103

Our Customer:          Francesca Tuoni
Claim Number:          DAB41867 DU
Date of Loss:             September 13, 2005
Your Client:              Francesca Tuoni

Dear Robert Avila:

Please contact me at your earliest convenience so that we can move toward resolving your client's claim.

I look forward to hearing from you soon.

Thank you.

Sincerely,

Anniece Washington
Metropolitan Direct Property and Casualty Insurance Comp
Senior Claim Adjuster
(800) 854-6011 Ext. 5563
Fax: (866) 947-1917

New Mexico state law requires us to notify you of the following: Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilt of a crime and may be subject to civil fines and criminal penalties.

MetLife Auto & Home is a brand of Metropolitan Property and Casualty In

MPL ATYCALLBK

Printed in U. S.A  0698



EXHIBIT
10

MetLife Auto & Home®
Dallas Field Claim Office
Mail Processing Center
P.O. Box 410350
Charlotte, NC 28241
(800) 854-6011

**MetLife**®

January 9, 2012

RECEIVED
JAN 1 2 2012

John Tiwald Law Firm
6121 Indian School Road NE, Suite 210
Albuquerque, NM 87110-3179

Our Customer:       Francesca Tuoni
Claim Number:      DAB41867 DU
Date of Loss:       September 13, 2005
Your Client:       Francesca Tuoni

Dear John :

Thank you for your letter acknowledging that you represent Francesca Russo for the accident that occurred on September 13, 2005.  Please help us in obtaining this pertinent information:

- Names of attending physicians
- Current status of injury
- Exact diagnosis, prognosis, and estimated length of treatment
- Known wage loss to date, anticipated future wage loss, and anticipated date of return to work.
- All office notes as well as initial, intermediate, and final reports for treating physicians.
- All related medical bills (**each bill should contain CPT and ICD-9 codes as well as a tax identification number for each provider).**

Please be sure to forward medical documentation as it becomes available, this will help us maintain proper reserves for this claim. If you have any questions about this request or your client's claims in general, please call me.  Thank you.

Sincerely,

Anniece Washington
Metropolitan Direct Property and Casualty Insurance Company
Senior Claim Adjuster
(800) 854-6011 Ext. 5563
Fax: (866) 947-1917

New Mexico state law requires us to notify you of the following: Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilt of a crime and may be subject to civil fines and criminal penalties.

MetLife Auto & Home is a brand of Metropolitan Property and Casualty Insurance Company and its Affiliates, Warwick, RI

MPL ATYREPINFO

**EXHIBIT
11**

Printed in U.S.A 0698

MetLife Auto & Home®
Dallas Field Claim Office
Mail Processing Center
P.O. Box 410350
Charlotte, NC 28241
(800) 854-6011

**MetLife®**

May 11, 2012

John Tiwald Law Firm
6121 Indian School Road NE
Suite 210
Albuquerque, NM  87110-3179

Our Customer:           Francesca Tuoni
Claim Number:         DAB41867 DU
Date of Loss:             September 13, 2005
Your Client:              Francesca Tuoni

Dear John:

Please contact me at your earliest convenience to discuss your client's claim in more detail.

I look forward to hearing from you soon.

Thank you.

Sincerely,

Anniece Washington
Metropolitan Direct Property and Casualty Insurance Company
Senior Claim Adjuster
(800) 854-6011 Ext. 5563
Fax:  (866) 947-1917

New Mexico state law requires us to notify you of the following: Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilt of a crime and may be subject to civil fines and criminal penalties.

EXHIBIT
12

Printed in U.S.A  0698

MetLife Auto & Home®
Dallas Field Claim Office
Mail Processing Center
P.O. Box 410350
Charlotte, NC 28241
(800) 854-6011

**MetLife®**

August 24, 2012

**Via Fax/Mail – 505-883-0724**
John Tiwald Law Firm
6121 Indian School Road NE
Suite 210
Albuquerque, NM  87110-3179

| | |
|---|---|
| Our Customer: | Francesca Tuoni |
| Claim Number: | DAB41867 DU |
| Date of Loss: | September 13, 2005 |
| Your Client: | Francesca Tuoni |

Dear John Tiwald Law Firm:

It has been some time since we last heard from you.  Please contact me at your earliest convenience to discuss the above claim.  If you no longer represent Francesca Tuoni in the above matter, please send us a withdrawal letter.

If you have not done so already, please send me any additional copies of your client's medical and wage records for additional consideration.

Please call me with any questions.  I look forward to hearing from you soon.

Sincerely,

Anniece Washington
Metropolitan Direct Property and Casualty Insurance Company
Senior Claim Adjuster
(800) 854-6011 Ext. 5563
Fax: (866) 947-1917

New Mexico state law requires us to notify you of the following: Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilt of a crime and may be subject to civil fines and criminal penalties.

MetLife Auto & Home is a brand of Metropolitan Property and Casualty Insurance Company and its Affiliates, Warwick, RI

MPL ATYCALLBK

**EXHIBIT**
**13**

Printed in U.S.A  0698

MetLife Auto & Home®
Dallas Field Claim Office
Mail Processing Center
P.O. Box 410350
Charlotte, NC 28241
(800) 854-6011

**MetLife®**

January 25, 2013

John Tiwald Law Firm
6121 Indian School Road NE, Suite 210
Albuquerque, NM 87110-3179

Our Customer:     Francesca Tuoni
Our Claim Number:  DAB41867 DU
Date of Loss:      September 13, 2005

Dear John Tiwald Law Firm:

As per our recent conversation, please provide us with updated status for consideration of Francesca Tuoni's continued treatment.

Sincerely,


Anniece Washington
Metropolitan Direct Property and Casualty Insurance Company
Senior Claim Adjuster
(800) 854-6011 Ext. 5563
Fax: (866) 947-1917

New Mexico state law requires us to notify you of the following: Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilt of a crime and may be subject to civil fines and criminal penalties.

MetLife Auto & Home®
Dallas Field Claim Office
Mail Processing Center
P.O. Box 410350
Charlotte, NC 28241
(800) 854-6011

**MetLife**®

December 13, 2013

John Tiwald Law Firm
6121 Indian School Road NE
Suite 210
Albuquerque, NM  87110-3179

| | |
|---|---|
| Our Customer: | Francesca Tuoni |
| Claim Number: | DAB41867 DU |
| Date of Loss: | September 13, 2005 |
| Your Client: | Francesca Tuoni |

Dear Mr. Tidwald:

Please contact me at your earliest convenience so that we can move toward resolving your client's claim.

If you have not done so already, please send me additional copies of your client's medical and wage records for further consideration,

Please call me with any questions. I look forward to hearing from you soon.  Thank you.

Sincerely,

*Anniece Washington*

Anniece Washington
Metropolitan Direct Property and Casualty Insurance Company
Senior Claim Adjuster
(800) 854-6011 Ext. 5563
Fax:  (866) 947-1917

New Mexico state law requires us to notify you of the following: Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilt of a crime and may be subject to civil fines and criminal penalties.

MetLife Auto & Home is a brand of Metropolitan Property and Casualty Insurance Company and its Affiliates, Warwick, RI

MPL ATYCALLBK

EXHIBIT
15

Printed in U.S.A  0698



# JOHN TIWALD, P.C.
### Law Firm

*John Tiwald*
*Attorney at Law*

July 18, 2016
Via Express Mail No. 037377651

Anniece Washington
Met Life Insurance Co.
P.O. Box 410350
Charlotte, North Carolina 28241-0350

Re:  My Client/Your Customer:   Francesca Tuoni
     Your Claim No.             DAB41867 DU
     DOL:                       9/13/2005

Dear Ms. Washington:

> This letter is written to make a settlement demand in this underinsured motorist case.

### Collision

The collision in this case occurred on September 13, 2005 as your insured Francesca Tuoni was on her way to work at Albuquerque High School where she was a Latin and English-as-a-Second Language teacher. Francesca was driving north on Girard. She was preparing to turn west on Lomas at the intersection and had the green arrow to do so. At-fault driver Melody Ripley, traveling east on Lomas at the intersection with Girard, ran her red light, (traveling 40 mph), and T-boned the driver's side of Francesca's 1989 Volvo sedan at a high rate of speed. The collision occurred just behind the driver's door. Ripley told the investigating officer that she had a green light when she drove into Francesca's car. Witnesses who were also traveling east on Lomas and traveling behind Francesca on Girard said that Melody ran a red light and confirmed that Francesca was making a turn on the green arrow. Not only did Ripley run the red light, she then lied about it to the police officer.

An ambulance came to the scene of the crash and examined Francesca. She experienced headache, neck and back pain immediately afterwards. Francesca had a lapse in consciousness at the time of the crash and doesn't remember anything until people helped her out of her car. Francesca's car had spun to the east from the impact. The collision occurred right in front of Jefferson Middle School. Children who know Francesca saw the collision and came out to help her. Francesca was both concerned about not upsetting the children and not wanting to be late to school. She turned down the EMT's recommendation that she go to the ER. She instead called her daughter to take her in to work.

Francesca experienced a severe hyperflexion injury to her neck as evidenced by the fact that a smudge of red lipstick was found on the front left breast of her white shirt. The lipstick stain was a result of her head and neck snapping down severely in the crash.

---

Telephone 505/883-4133
Fax 505/883-0724
E-Mail: john@tiwaldlaw.com

Suite 210
6121 Indian School Road NE
Albuquerque, New Mexico  87110-3179



EXHIBIT
16

MetLife Auto & Home
Dallas Field Claim Office
Attention: Claims
P.O. Box 6040
Scranton, PA 18505
(800) 854-6011

**MetLife®**

September 29, 2016

Mail/Certified Mail Return Receipt Requested
John Tiwald Law Firm
6121 Indian School Road NE, Suite 210
Albuquerque, NM 87110-3179

Our Customer:     Francesca Tuoni
Our Claim Number:  DAB41867 DU
Date of Loss:     September 13, 2005
Claimant:         Francesca Tuoni

Dear Mr. Tiwald:

This letter is in response to your recent demand for the Underinsured Motorists policy limits of
$100,000, (herein referenced as "UIM") of the above insured's policy. Please see the attached copy of
our letter dated 4/30/2010 to attorney Robert Avila, who represented Francesca Tuoni at that time. We
advised him that the insured had been fairly compensated for her loss from the underlying tort
settlement, and therefore we would be unable to extend any UIM offers.

As you are aware, New Mexico has a six year Statute of Limitations on written contracts, inclusive of
UM/UIM. Therefore, based on our letter of 4/30/2010, indicating that no UIM offers were being
extended, it is our position that the UIM claim is outside the applicable Statute of Limitations. We must
respectfully decline to extend any UIM offers to Mrs. Tuoni, since her claim is no longer viable based
on our review of the file.

If you have any questions or additional information for our consideration, please feel free to contact me.

Sincerely,

*Anniece Washington*

Anniece Washington
Metropolitan Direct Property and Casualty Insurance Company
Senior Claim Adjuster
(800) 854-6011 Ext. 5563
Fax: (866) 947-1917

New Mexico state law requires us to notify you of the following: Any person who knowingly
presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false
information in an application for insurance is guilt of a crime and may be subject to civil fines
and criminal penalties.

MetLife Auto & Home is a brand of Metropolitan Property and Casualty Insurance Company and its Affiliates, Warwick, RI

MPL NOUIMEXP

Printed in U.S.A 0698

**EXHIBIT
17**